OUTTEN & GOLDEN LLP
Kathleen Peratis (KP2118)
Mark Humowiecki (MH4368)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

Attorneys for Plaintiff

**05 CV 2936**

JUDGE KOELTL



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————x
MARY ROZELL,

       Plaintiff,

- against -

COURTNEY ROSS-HOLST, an individual,
ANDCO, LLC, a corporation, and NEIL
PIROZZI, an individual,

       Defendants.
———————————————————x

CIV. NO.

**COMPLAINT**
**JURY TRIAL DEMANDED**

Plaintiff MARY ROZELL, by her attorneys, Outten & Golden LLP, alleges and avers as follows:

## NATURE OF THE CASE

1.     Mary Rozell, an employee of Courtney Ross-Holst ("Ross-Holst") and her privately-held corporation, Andco, LLC ("Andco"), was the victim of sexual harassment and sexual assault by defendant Neil Pirozzi, the CFO of Andco and Rozell's supervisor. He touched her and put his hands on her against her will, including attempting physically to force himself on her, and he repeatedly commented upon her appearance and told her about his sex life. Rozell repeatedly indicated to Pirozzi that these acts were not welcome, but he did not stop.

2. After many months of this behavior, Rozell reported it to Ross-Holst in January 2004. Immediately thereafter, Pirozzi began withdrawing work from Rozell and undermining her with her staff. In April 2004, she was fired.

3. Rozell's counsel presented her claims to the defendants by letter dated May 12, 2004. On May 21, 2004, Pirozzi hacked into her private electronic mail ("email") account and stole approximately 400 private emails, including privileged attorney-client communications.

4. Rozell now brings this action under federal, state and local law for sexual harassment, retaliation, and unlawful interference with private emails.

## JURISDICTION AND VENUE

5. Rozell brings this employment discrimination and civil rights action against Andco and Ross-Holst pursuant to the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"); the New York State Human Rights Law, New York Executive Law §§ 290 et seq. ("NYSHRL"); and the New York City Human Rights Law, New York City Administrative Code §§ 8-101 et seq. ("NYCHRL"). She brings the action against defendant Pirozzi under NYSHRL and NYCHRL.

6. This Court has original subject matter jurisdiction over the Title VII claims under 28 U.S.C. §§ 1331 and 1343, because they arise under the laws of the United States and are brought to recover damages for deprivation of equal rights. It has supplemental subject matter jurisdiction over the NYSHRL and NYCHRL claims and the conversion claim under 28 U.S.C. §1367, because they arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

7.  Venue is proper in this judicial district under 28 U.S.C. § 1391(b),(c) and 42 U.S.C. § 2000e-5(f)(3), because defendants have offices, conduct business, and can be found in this district, and the causes of action arose and the acts and omissions complained of occurred therein.

## ADMINISTRATIVE PREREQUISITES

8.  Rozell has duly satisfied all administrative prerequisites to commencing this action, as described herein.

9.  In July 2004, Rozell filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging sex discrimination and retaliation against defendants Andco and Ross-Holst.

10. After 180 days from the filing of the charge, the EEOC had not yet completed its investigation.

11. On February 24, 2005, Rozell requested a right to sue letter from the EEOC, which she received from the EEOC on February 25, 2005.

12. Rozell has commenced this action within ninety days of her receipt of the right to sue letter.

13. Contemporaneously with the filing of this Complaint, Rozell has mailed a copy, along with a letter of explanation, to the New York City Commission of Human Rights and the Office of the Corporation Counsel of the City of New York, thereby satisfying the notice requirements of Section 8-502 of the New York City Administrative Code.

## THE PARTIES

14. Plaintiff is a resident of the State of New York.

15. Defendant Andco is a privately held corporation owned by Ross-Holst. Andco maintains offices within this judicial district.

3

16. Upon information and belief, at all times pertinent hereto, Andco meets the definition of "employer" under all applicable statutes.

17. On information and belief, defendant Ross-Holst is a resident of the State of New York. Upon information and belief, at all times pertinent hereto, Ross-Holst meets the definition of "employer" under all applicable statutes. She is an "aider and abettor" under NYSHRL and NYCHRL.

18. On information and belief, defendant Neil Pirozzi is a resident of the State of New York. He is an "aider and abettor" under NYSHRL and NYCHRL.

## FACTUAL ALLEGATIONS

19. Plaintiff Mary Rozell, a lawyer and art curator, was hired by Andco and Ross-Holst in 2001 to be Director of Art Collection and Cultural Affairs for the art collection of Ms. Ross-Holst and the Ross Family Foundation.

20. On information and belief, Defendant Ross-Holst is the widow of former Time Warner Chairman Steve Ross, and the sole owner and chairperson of Andco. The art collection belonging to Ross-Holst consists of more than three thousand objects located in residences and storage facilities in the United States and throughout the world.

21. Rozell was hired to upgrade the art collection by, among other things, introducing museum quality standards for the cataloguing and maintenance of the collection. Rozell hired an archivist and collections coordinator to assist in these efforts. Rozell also handled matters related to the collection, including insurance policies, claims made as part of anti-trust litigation against auction houses, and the acquisition and de-acquisition of art objects. She was responsible for improving the state of the art collection, decreasing costs, and bringing in revenues.

22. Defendants never criticized the quality of Rozell's job performance.

23. On information and belief, Defendant Pirozzi was hired by Andco and Ross-Holst to be Chief Financial Officer of Andco in fall 2002. As CFO, Priozzi was Rozell's immediate supervisor. Although his main office is located in East Hampton, New York, he often spent time in the New York City offices of Andco where Rozell worked.

24. Beginning with their first meeting in October 2002, Pirozzi made frequent inappropriate comments to Rozell about her body and appearance.

25. Throughout 2003, Pirozzi commented on Rozell's body and appearance. He also made unsolicited complaints to Rozell about his wife and his lack of a sex life. He spent an inordinate amount of his time in New York City in Rozell's office chatting with her.

26. On several occasions Pirozzi touched Rozell on the shoulders and waist. Each time, Rozell physically pulled away from him, making clear that his physical touches were repugnant to her.

27. In December 2003, at Andco's holiday party, Pirozzi maintained a fixed gaze on Rozell to her extreme discomfort. At the end of the party, he told her would walk her home, which she refused. He ignored her refusal and did so anyway. In front of her home, Pirozzi attempted to force himself on her physically. Rozell pushed him away, frightened by his new level of boldness.

28. The following day, numerous Andco staff members spoke openly in the office about Pirozzi's behavior and apparent infatuation with Rozell. Some complained to Rozell and others that Pirozzi had previously inappropriately massaged their shoulders or touched them.

29. Several days later, Pirozzi entered Rozell's office and squeezed behind her desk to hug her. Rozell again recoiled from Pirozzi's advance.

30. Andco did not have a policy or procedure for employees to report sexual harassment nor did it give employees or supervisors any sexual harassment training. There was no Andco employee, other than possibly Pirozzi, whose responsibilities included handling complaints about sexual harassment or other inappropriate workplace conduct.

31. Following the holiday party, Ross-Holst's assistant encouraged Rozell to speak to Ross-Holst about Pirozzi's behavior. Rozell feared possible retaliation from Ross-Holst because of her close relationship to Pirozzi.

32. Rozell nevertheless made an appointment to meet with Ross-Holst on January 27, 2004 to discuss Pirozzi's behavior. At the January 27, 2004 meeting, Ross-Holst also invited her financial advisor, Richard Halperin, who on information and belief is a friend of Pirozzi. Rozell told them about Pirozzi's harassment, including his behavior at the Christmas party.

33. Neither Ross-Holst nor anyone else at Andco told Rozell that they would investigate and ensure that the behavior stopped. Instead, the meeting concluded with the suggestion that Rozell handle it herself, and Rozell believed it was unwise to resist this conclusion.

34. Within a day or two of Rozell's meeting on January 27, 2004, Pirozzi began to retaliate against Rozell. He virtually ceased speaking to her, interfered with her staff, undermined her authority, and denied her a previously-promised raise. Pirozzi's retaliation continued throughout February, March and April.

35. On April 28, 2004, defendants Andco and Ross-Holst terminated Rozell's employment. Ross-Holst's butler, Darius Narizzano, informed Rozell that the "needs of the art department have changed" and gave her a half hour to collect her things and leave the building.

36. By letter dated May 12, 2004, Rozell's attorney, Kathleen Peratis, put Ross-Holst on notice of Rozell's claims.

37. On May 21, 2004, Pirozzi hacked into Rozell's private email account, operated by America Online (AOL), and forwarded to himself approximately 400 of her private emails, including privileged communications between Rozell and Peratis.

38. On May 21, 2004, Rozell discovered that Pirozzi had hacked into her e-mail account when AOL temporarily denied her access to the account.

39. The unlawful employment practices complained of above by defendants Ross-Holst and Andco were willful and in malicious and reckless disregard of Rozell's civil rights under federal, state, and local law.

40. As a result of Defendants' unlawful acts, Rozell suffered loss of pay and benefits, as well as physical and emotional injury among other injury.

## FIRST CAUSE OF ACTION
### Title VII

41. Defendants Andco and Ross-Holst illegally sexually harassed, discharged and retaliated against Rozell in violation of Title VII.

## SECOND CAUSE OF ACTION
### NYSHRL

42. Defendants illegally sexually harassed, discharged and retaliated against Rozell in violation of the NYSHRL.

## THIRD CAUSE OF ACTION
### NYCHRL

43. Defendants illegally sexually harassed, discharged and retaliated against Rozell in violation of the NYCHRL.

## FOURTH CAUSE OF ACTION
### Aiding and Abetting Under NYSHRL

44. By the acts alleged herein, Pirozzi is liable to Rozell for aiding and abetting the illegal acts of Andco and Ross-Holst under NYSHRL.

## FIFTH CAUSE OF ACTION
### Aiding and Abetting Under NYCHRL

45. By the acts alleged herein, Pirozzi is liable to Rozell for aiding and abetting the illegal acts of Andco and Ross-Holst under NYCHRL.

## SIXTH CAUSE OF ACTION
### ELECTRONIC COMMUNICATIONS PRIVACY ACT (29 U.S.C. § 2701)

46. Defendants intentionally accessed without authorization a facility through which an electronic communication service is provided within the meaning of 29 U.S.C. § 2701.

47. Defendants obtained access to electronic communications while in electronic storage in Rozell's private email account.

48. Defendants' actions to obtain access to Rozell's emails were willful and intentional.

## SEVENTH CAUSE OF ACTION
### COMPUTER TRESPASSING (NY PENAL LAW § 156.10)

49. Defendants knowingly used a computer or computer service without authorization to gain access to computer material in violation of NY Penal Law § 156.10.

**WHEREFORE**, plaintiff respectfully requests that upon trial this Court enter judgment:

    A. Declaring that the actions and practices of defendants violated Title VII, the NYSHRL, and NYCHRL and enjoining such violations;

8

B. Directing Andco, Ross-Holst and Pirozzi to make Rozell whole by providing her with back pay, reinstatement or front pay in lieu thereof, and reimbursement for lost medical insurance, Social Security and other employment-related benefits;

C. Directing Andco, Ross-Holst and Pirozzi to pay Rozell compensatory damages for the injuries caused to her by the their sexual harassment, discrimination and retaliation;

D. Directing Andco, Ross-Holst and Pirozzi to pay Rozell compensatory damages for the injuries caused to her by the unlawful access to her stored emails;

E. Directing defendants Andco, Ross-Holst and Pirozzi to pay Rozell punitive damages sufficient to punish and deter continuation of their unlawful employment practices and unlawful computer hacking;

F. Awarding Rozell reasonable attorneys' fees, expert witness fees, and costs, as provided by Title VII, 42 U.S.C. § 1988, 18 U.S.C. § 2707(b), and NYCHRL; and

G. Granting such additional relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Dated: New York, New York
       March 17, 2005

>                      Respectfully submitted,
>                      **OUTTEN & GOLDEN LLP**
>
> By: _____
>     Kathleen Peratis (KP 2718)
>     Mark Humowiecki (MH 4368)
>     3 Park Avenue, 29th floor
>     New York, New York 10016
>     Telephone: (212) 245-1000
>     Facsimile:  (212) 977-4005