```
UNITED STATES DISTRICT COURT                    (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
MARY ROZELL,                          :    05 Civ. 2936 (JGK) (JCF)
                                      :
             Plaintiff,               :         MEMORANDUM
                                      :         AND  ORDER
     - against -                      :
                                      :
COURTNEY ROSS-HOLST, an individual,   :
ANDCO, LLC, a corporation, and        :
NEIL PIROZZI, an individual,          :
                                      :
             Defendants.              :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

This case presents the question of whether, when a plaintiff claims that a defendant has improperly accessed her e-mail account, every communication transmitted through that account becomes subject to discovery. The plaintiff, Mary Rozell, has asserted claims of: (1) sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the New York State Human Rights Law, N.Y. Exec. Law § 296, and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101; (2) violation of the Electronic Communications Privacy Act, 18 U.S.C. § 2701[1]; and (3) computer trespassing in violation of New York Penal Law § 156.10. The defendants now move pursuant to Rule 37 of the Federal Rules of Civil Procedure to compel production of e-mails sent through the plaintiff's account. For the reasons

---

[1] This statute is incorrectly cited in the Complaint as having been codified at 29 U.S.C. § 2701.

1

discussed below, the defendants' motion is granted in part and denied in part.

Background

Mary Rozell was formerly an employee of defendant ANDCO, LLC ("ANDCO").[2] She contends that defendant Neil Pirozzi, her supervisor and the Chief Financial Officer of ANDCO, made unwelcome sexual comments to her and touched her provocatively against her will. The plaintiff alleges that when she complained to defendant Courtney Ross-Holst, the principal of ANDCO, Mr. Pirozzi retaliated and ultimately terminated her. Then, after her counsel complained to the defendants by letter, Mr. Pirozzi purportedly "hacked" into Ms. Rozell's electronic mail account and forwarded to himself approximately 400 of her e-mails.

Ms. Rozell originally opened her e-mail account with America On-Line, the internet service provider commonly known as "AOL," in 1999, before she was hired by ANDCO. (Letter of Mark R. Humowiecki dated Dec. 20, 2005 ("Humowiecki Letter"), at 2; Compl., ¶ 19). Sometime after she began her employment with the defendants, ANDCO began paying the cost of Ms. Rozell's AOL account, apparently because it served as a back-up for work-related communications when ANDCO's own e-mail system was not working. (Letter of A. Michael

---

[2] The Complaint refers to the employer as "Andco," with only the initial letter capitalized. Since the defendants, which include the employer itself, capitalize all letters in the name, I will as well.

2

Weber dated Dec. 19, 2005 ("Weber Letter"), Exh. A; Humowiecki Letter, Exh. 8).

In Defendants' First Request for Production of Documents, ("Def. Doc. Req.", excerpt attached as Exh. D to Weber Letter), the defendants demanded disclosure of "[a]ll emails sent to or from the maryrozell@aol.com account during the time period Defendants paid for that account." (Def. Doc. Req., Request No. 47). The plaintiff objected "on grounds of [p]rivilege, [s]cope, [r]elevance, [d]uplication, [c]ustody, and [h]arassment," but also represented that she was in the process of producing all of the responsive documents, subject to her objections. (Plaintiff's Responses to Defendants' First Request for Production of Documents, Request 47, attached as Exh. E to Weber Letter).

After negotiations failed to resolve the dispute, the defendants brought the instant motion. Originally, the defendants contended, in part, that they were entitled to the requested documents because ANDCO owned the e-mail account by virtue of having paid the subscription fee during the relevant period. (Letter of Elena Paraskevas-Thadani dated June 15, 2005, included as part of Exh. 1 to Humowiecki Letter). However, the defendants object to my determining the ownership of the account on the ground that this is a dispositive issue that should not be decided in the context of a discovery motion. (Weber Letter at 2 n.2). I construe this as a decision by the defendants to withdraw that

aspect of their argument for purposes of the current motion and will therefore disregard it.

Regardless of the ownership of the account, the defendants argue that they are entitled to every e-mail transmitted to or from Ms. Rozell's AOL account during the period the defendants paid for the account because they are relevant to the plaintiff's computer hacking claims, her sexual harassment claims, and her claims of resulting physical and emotional distress. (Weber Letter at 4-7). They contend that, at the least, the e-mails should be reviewed by the Court in camera, since "an interested party to a litigation cannot be the final arbiter of relevance" and cannot "withhold documents from discovery ab initio based on his or her unilateral, unreviewed determination." (Weber Letter at 7-8). The defendants note that they are not seeking privileged documents, which need not be produced as long as they are properly identified on a privilege log. (Weber Letter at 8). Finally, they contend that to the extent any of the requested e-mails are personal in nature, the plaintiff's legitimate privacy concerns can be addressed with a confidentiality order. (Weber Letter at 8).

Plaintiff's counsel dispute the defendants' claims of relevance, noting that Ms. Rozell has already produced:

> all emails that are: 1) to or from a current or former Andco employee, 2) related or potentially related to her employment with Defendants, 3) related or potentially related to her allegations of sexual harassment, 4) related or potentially related to her termination, 5) related or potentially related to her efforts to find

employment, 6) related or potentially related to her emotional distress as a result of Defendants' actions, or 7) were responsive to any of Defendants' document requests.

(Humowiecki Letter at 3). Further, the plaintiff rejects the defendants' contention that there is any basis for review of the e-mails by the Court or any third party. (Humowiecki Letter at 3).

Discussion

A. Relevance

In the context of discovery, relevance is an extremely broad concept. See Convolve, Inc. v. Compaq Computer Corp., 223 F.R.D. 162, 167 (S.D.N.Y. 2004); Melendez v. Greiner, No. 01 Civ. 7888, 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003); Zanowic v. Reno, No. 97 Civ. 5292, 2000 WL 1376251, at *2 (S.D.N.Y. Sept. 25, 2000). "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party[.]" Fed. R. Civ. P. 26(b)(1). Furthermore, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Moreover, if good cause is shown, the court may order discovery of information relevant to the general subject matter of the action, not just to a particular claim or defense. Id.

1. The "Hacked" E-Mails

By this standard, the 400 or so e-mails that Mr. Pirozzi is alleged to have diverted from Ms. Rozell's account are plainly relevant to her claims of illegal interception of electronic

5

communications.  The plaintiff maintains that "[i]t is the fact of Defendant Pirozzi's hacking and improper forwarding of the emails, not the underlying content of the email, that is relevant to those claims."  (Humowiecki Letter at 3).  Accordingly, the plaintiff has produced each such e-mail but has redacted the body of the communication, leaving only the transmission history.  (Humowiecki Letter at 3).  But the plaintiff takes too narrow a view of relevance.

Pursuant to 18 U.S.C. § 2707, any person aggrieved by a violation of the prohibition against interception of electronic communications may institute a civil action.  18 U.S.C. § 2707(a).  Relief may include actual damages, and, if the violation is willful or intentional, punitive damages.  18 U.S.C. § 2707(c).  Certainly, the content of the information obtained by hacking will be relevant to the determination of both actual and punitive damages.  On one hand, if the subject matter of a communication is innocuous and the disclosure of it is unlikely to cause embarrassment to the victim, then the finder of fact might be justified in assessing only modest damages.  On the other hand, if the communication concerns a highly personal matter, a more significant award could be warranted.  Indeed, by this reasoning, the content of the intercepted e-mails is likely to be relevant at trial as well as in discovery.  See Fed. R. Evid. 401 ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence

6

to the determination of the action more probable or less probable than it would be without the evidence.").

### 2. Non-Intercepted E-Mails

The defendants argue that e-mails that Mr. Pirozzi did not gain access to are also relevant to both the plaintiff's "hacking" claim and her claims of sexual harassment. With regard to the hacking claim, the defendants maintain that all of the e-mails are pertinent to a determination of the ownership of the account, since the nature of Ms. Rozell's communications is probative of whether she was treating it as a business or personal account. (Weber Letter at 4). But ownership will be determined by the purposes for which Ms. Rozell was authorized to use the account, not how she actually used it. Thus, the e-mails that were not intercepted are not relevant to the hacking claim.[3]

Nor are they relevant to the claims of sexual harassment. The defendants speculate that "Plaintiff may have communicated facts or contemporaneous impressions regarding her working environment during the relevant time period to friends, relatives, or other third parties via email." (Weber Letter at 5). In particular, "[i]f Plaintiff's communications during the relevant time period contain no mention of the alleged harassment, then the absence of

---

[3] Indeed, even if the e-mails were relevant to the issue of ownership of the account, the defendants will have access to the 400 or so that were diverted, a more than adequate sample. No greater intrusion into potentially private communications would be justified

7

such references would support Defendants' position that the harassment never occurred and/or was fabricated by Plaintiff." (Weber Letter at 5). Fair enough. However, plaintiff's counsel represent that they have produced all communications, including e-mails, potentially related to Ms. Rozell's claims of sexual harassment. If such documents exist, the defendants have received them. If not, then the defendants are indeed entitled to argue that the absence of such documentation casts doubt on the plaintiff's claims.

Nor are the remaining e-mails sufficiently pertinent to Ms. Rozell's claims of physical and emotional distress to warrant their production. The defendants assert that these communications "provide a contemporaneous record of her emotional state both during and after the period she was allegedly harassed." (Weber Letter at 6). To be sure, anything that a person says or does might in some theoretical sense be reflective of her emotional state. But that is hardly justification for requiring the production of every thought she may have reduced to writing or, indeed, the deposition of everyone she might have talked to. Again, plaintiff's counsel have produced any e-mail that potentially relates to Ms. Rozell's claim of emotional distress, and disclosure of additional communications will not be required.

B. <u>Responsibility for Review</u>

Finally, the defendants object to the fact that it is

8

plaintiff's counsel who have made the relevance determination and withheld certain documents on that basis. (Weber Letter at 7-8). The defendants are correct that an interested party cannot be the "final arbiter" of relevance. But counsel for the producing party is the judge of relevance in the first instance. Discovery in our adversarial system is based on a good faith response to demands for production by an attorney constrained by the Federal Rules and by ethical obligations. Where the parties disagree as to the contours of relevance in connection with particular discovery demands, they present their dispute to the court, as the parties have done here. When a party can demonstrate that an adversary may be wrongfully withholding relevant information, it can seek relief; in this case the defendants have made no such showing.

 The defendants maintain that, at a minimum, I should review the additional e-mails <u>in camera</u> to evaluate their relevance. But "[s]uch review is ordinarily utilized only when necessary to resolve disputes concerning privilege; it is rarely used to determine relevance." <u>Collens v. City of New York</u>, No. 03 Civ. 4477, 2004 WL 1395228, at *2 (S.D.N.Y. June 22, 2004). Indeed, <u>in camera</u> inspection is the exception, rather than the rule, and the defendants have provided no basis to believe that plaintiff's counsel have not honestly and accurately performed the review function in this case. <u>See</u> <u>id.</u>; <u>Germosen v. Cox</u>, No. 98 Civ. 1294, 1999 WL 1021599, at *19 (S.D.N.Y. Nov. 9, 1999); <u>Local 32B-32J,</u>

9

<u>Service Employees International Union v. General Services Administration</u>, 97 Civ. 8509, 1998 WL 726000, at *11 (S.D.N.Y. Oct. 15, 1998). Accordingly, the non-intercepted e-mails need not be submitted to the Court.

<u>Conclusion</u>

For the reasons set forth above, the defendants' motion to compel is granted to the extent that the plaintiff shall produce without redaction the e-mails that were forwarded to Mr. Pirozzi's e-mail account; in all other respects the motion is denied.

SO ORDERED.

*[signature: James C. Francis IV]*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
January 20, 2006

Copies mailed this date:

Kathleen Peratis, Esq.
Mark Humowiecki, Esq.
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, New York 10016

A. Michael Weber, Esq.
Elena Paraskevas-Thadani, Esq.
Littler Mendelson, PC
885 Third Avenue, 16th Floor
New York, New York 10022