UNITED STATES DISTRICT COURT        (ECF)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
MARY ROZELL,               : 05 Civ. 2936 (JGK) (JCF)
                            :
          Plaintiff,     :     O R D E R
                            :
   - against -        :
                            :
COURTNEY ROSS-HOLST, an individual,:
ANDCO, LLC, a corporation, and   :
NEIL PIROZZI, an individual,     :
                            :
         Defendants.    :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/19/06

    Counsel having submitted several letters concerning discovery disputes, it is hereby ORDERED as follows:

    1. Plaintiff's subpoena of documents from Pappas Consulting Group ("PCG") shall be limited to (a) documents that refer or relate to plaintiff and other employees or consultants employed in ANDCO's Art Department, and (b) reports issued during the period April 2001 through August 2004 concerning any consulting project performed by PCG for Courtney Ross, The Ross School, or ANDCO. The reports may lead to relevant evidence both because plaintiff allegedly performed functions outside ANDCO and because decisions about the structure of one entity may have impacted upon the staffing of the other related entities. However, draft reports, interview notes, and questionnaires for entities other than ANDCO are not relevant since they would not have influenced defendants' decisions.

1

2. Plaintiff shall produce her calendars. These documents reflect her day-to-day activities and are therefore relevant to such issues as the extent of her emotional distress and her attempts at mitigation.

3. Plaintiff need not produce her journals. These are not general purpose diaries, but specialized writings describing the first year of her child's life and her mother's battle with Alzheimer's Disease. Although these documents might reflect other stressors in plaintiff's life and therefore be marginally relevant to her claims of emotional distress, they are cumulative of information obtained more directly through deposition of the plaintiff and her therapist and are highly personal in nature.

4. Plaintiff need not produce manuscripts of her creative writing. They are not relevant to mitigation, since what is pertinent is the time that she devoted to efforts to find alternative employment, not what she did at other times. Likewise, the manuscripts are not relevant either to plaintiff's substantive claims or to her claims for emotional distress, since they are works of fiction. Finally, they are not discoverable with respect to the issue of whether plaintiff has breached her non-disclosure agreement with ANDCO both because the defendant has not interposed a counterclaim for breach of contract and because, in any event, the works have never been published.

SO ORDERED.

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       July 19, 2006

Copies mailed this date:

Kathleen Peratis, Esq.
Mark Humowiecki, Esq.
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, New York  10016

A. Michael Weber, Esq.
Elena Paraskevas-Thadani, Esq.
Littler Mendelson, PC
885 Third Avenue, 16th Floor
New York, New York  10022